IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
(Southern Division)

| | |
|---|---|
| Willie Holmes and Clarence Williams, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Ci    CV-01-B-2771-S |
| ) | |
| Sloss Industries Corp., ) | Jury Trial Demanded |
| ) | |
| Defendants. ) | |

### COMPLAINT

The plaintiffs complain against the defendant as follows:

### Jurisdiction & Parties

1. This is a lawsuit brought against the defendant for race and age discrimination in the administration of its apprenticeship program and the filling of vacancies for skilled craft positions. The Court has jurisdiction under 42 U.S.C. § 2000e, et. seq. and 42 U.S.C. § 1981, § 1981a, 29 U.S.C. § 626 (d), 28 U.S.C. § 1331.

2. Mr. Holmes is an African American employee of Sloss Industries. He resides in Jefferson County, Alabama.

3. Mr. Williams is an African American employee of Sloss Industries. He resides in Jefferson County, Alabama.

4. Sloss Industries regularly conducts business in Jefferson County, Alabama. Sloss Industries currently has 15 or more employees on its payroll and was subject to Title VII of the 1964 Civil Rights Act during the relevant time period. Sloss Industries has over 500 employees.

## Factual Allegations

5.  The defendant Sloss Industries currently maintains an apprenticeship program. The program trains employees for skilled and higher paying jobs.

6.  Only white employees under the age of 40 are currently in the apprenticeship program.

7.  White employees hold almost all of the skilled positions that the apprenticeship program trains employees to fill. Most of these skilled positions are filled through external hiring.

8.  The plaintiffs are members of protected classes. The plaintiffs sought entrance into the apprenticeship program. The plaintiffs have been denied positions in the apprenticeship program. White employees under the age of 40 were selected over the plaintiffs to fill positions in the apprenticeship program.

9.  The plaintiffs timely filed charges with the EEOC. The plaintiffs have received Notice of the Right to sue and have instituted this lawsuit within 90 days of the date they received the notice.

## COUNT I

### (Title VII Disparate Treatment)

10. The plaintiffs incorporate by reference the factual allegations in the preceding paragraphs.

11. The plaintiffs are qualified to hold positions in the apprenticeship program. White employees with less or equal qualification were selected. Race motivated the decision to deny plaintiffs a position in the apprenticeship program. program and/or to award the white

2

employees a position in the apprenticeship program. The defendant intentionally discriminated against the plaintiffs on account of race.

12. Defendant damaged the plaintiffs by denying them a position in the apprenticeship program.

13. Wherefore premises considered, the plaintiffs respectfully request that the Court enter an order (1) requiring the defendants to offer plaintiffs a position in the apprenticeship program; (2) pay plaintiffs any back pay lost as a result of the unlawful conduct; (3) award the plaintiffs compensatory and punitive damages as provided under law; (4) pay plaintiffs reasonable attorney fees and costs; (5) enter an injunction requiring defendant to administer the apprenticeship program in a manner consistent with Title VII and (6) any other legal or equitable relief the Courts deems appropriate and available under law.

## COUNT II

### (Section 1981 Race Discrimination)

14. The plaintiffs incorporate by reference the factual allegations in the preceding paragraphs.

15. The plaintiffs are qualified to hold positions in the apprenticeship program. White employees with less or equal qualification were selected. Race motivated the decision to deny plaintiffs a position in the apprenticeship program and/or to award the white employees a position in the apprenticeship program. The defendant intentionally discriminated against the plaintiffs on account of race.

16. Defendant damaged the plaintiffs by denying them a position in the apprenticeship program.

17. Wherefore premises considered, the plaintiffs respectfully request that the Court enter an order (1) requiring the defendants to offer plaintiffs a position in the apprenticeship program; (2) pay plaintiffs any back pay lost as a result of the unlawful conduct; (3) award the plaintiffs compensatory and punitive damages; (4) pay plaintiffs reasonable attorney fees and costs; (5) enter an injunction requiring defendant to administer the apprenticeship program in a manner consistent with Section 1981 and (6) any other legal or equitable relief the Courts deems appropriate and available under law.

## COUNT III

### (Title VII Disparate Impact)

18. The plaintiffs incorporate by reference the factual allegations in the preceding paragraphs.

19. The defendant's administration of the apprenticeship program and/or the eligibility criteria (including testing requirements) of the program have a disparate impact on the protected class of African American employees. The apprenticeship program has no black employees. The eligibility criteria (including the testing requirements) are not job validated as required under Title VII.

20. The defendant has refused to adopt and/or implement an alternative employment practice that will not have a disparate impact on African American employees.

21. Wherefore premises considered, the plaintiffs respectfully request that the Court order Sloss Industries to (1) pay any back pay lost as a result of the discriminatory employment practice; (2) any damages available under law; (3) plaintiffs' reasonable attorney fees plus costs; (4) order defendant to modify its program to comply with Title VII and/or implement the

alternative employment practice and (5) any other legal or equitable relief the Court deems appropriate and available under law.

## COUNT IV

### (Age Discrimination)

22. The plaintiffs incorporate by reference the factual allegations in the preceding paragraphs.

23. Both plaintiffs are over the age of 40. Both plaintiffs are qualified to participate in the apprenticeship program. Both plaintiffs were denied a position in the apprenticeship program. The positions were awarded to employees who were substantially younger than the plaintiffs. Defendant denied plaintiffs a position in the apprenticeship program on account of their age.

24. Defendants damaged plaintiffs by denying them a position in the apprenticeship program.

25. Wherefore premises considered, the plaintiffs respectfully request that the Court order Sloss Industries to (1) pay any loss pay resulting from the unlawful conduct; (2) pay plaintiffs liquidated damages; (3) order defendant to offer plaintiffs a position in the apprenticeship program; (4) pay plaintiffs reasonable attorney fees and costs; (5) enjoin defendant from administering the apprenticeship program in a manner inconsistent with ADEA and (6) any other legal or equitable relief the Court deems appropriate and available under existing law.

Richard P. Rouco
ROU008
Attorney for plaintiffs